JOHN H. KIM (State Bar No. 219975)
BEN GAGE (State Bar No. 268336)
COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
A Professional Corporation
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977
Telephone: (714) 431-1100
Facsimile: (714) 431-1145

Attorneys for Lessor
CAB WEST LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JORGE ARCILA,<br><br>　　　　Debtor. | Case No.: 2:10-BK-28206 VZ<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN; DECLARATION OF BARBARA CODD IN SUPPORT THEREOF**<br><br><u>341(a) Meeting of Creditors:</u><br><br>Date:　JUNE 22, 2010<br>Time:　9:00 A.M.<br><br><u>Confirmation Hearing:</u><br><br>Date:　AUGUST 9, 2010<br>Time:　9:00 A.M.<br>Ctrm:　1368 |

Lessor CAB WEST LLC, a creditor of the above estate, hereby submits the following Objection to Confirmation of the Debtor's proposed Chapter 13 Plan of Reorganization.

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201 as incorporated by Federal Rule of Bankruptcy Procedure 9017, CAB WEST respectfully requests this Court take judicial notice of the Debtor's

proposed Chapter 13 Plan on file herein, and the Proof of Claim filed by CAB WEST, copies of which are attached as Exhibits "A" and "B", respectively, to the Declaration of BARBARA CODD, filed herewith.

## FACTUAL BACKGROUND

On or about NOVEMBER 18, 2007, Debtor entered into a Motor Vehicle Lease Agreement ("Lease Agreement") for the lease of a 2008 FORD EXPEDITION, Vehicle Identification Number 1FMFU19528LA15334 (the "Vehicle"). The above-described Lease Agreement was assigned to CAB WEST in the normal course of CAB WEST's business. A copy of the Lease Agreement with regard to the above-described vehicle, is made a part of CAB WEST's Proof of Claim on file herein. (And See Exhibit "B" attached to the Declaration of BARBARA CODD, filed herewith).

## GROUNDS FOR OBJECTION

Lessor CAB WEST objects to Debtor's proposed Chapter 13 Plan of Reorganization on the following grounds:

1.    CAB WEST objects to the confirmation of Debtor's proposed Chapter 13 Plan on the grounds that it fails to provide for the assumption or rejection of Debtor's lease with CAB WEST as required by 11 U.S.C. §365.

## CONCLUSION

Any Chapter 13 plan proposed by the Debtor must provide for and eliminate the objections specified above in order to be reasonable and to comply with the applicable provisions of the Bankruptcy Code. It is respectfully requested that confirmation of the Proposed Chapter 13 plan be denied and that the case be dismissed forthwith.

WHEREFORE, CAB WEST prays as follows:

1.    That confirmation of the Chapter 13 Plan be denied; and

2.    For immediate dismissal of the within Chapter 13 proceeding; or

3. That as a pre-requisite to confirmation of the Debtor's proposed Chapter 13 Plan, Debtor meet and satisfy the above stated objections; and

4. For such other and further relief as the Court deems just and proper.

Dated: June 28, 2010

Respectfully submitted,

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG

By: _____
BEN GAGE
Attorneys for Lessor
CAB WEST LLC

## DECLARATION OF BARBARA CODD IN SUPPORT OF OBJECTION TO CONFIRMATION

I, BARBARA CODD, declare as follows:

1. I am a Bankruptcy Specialist for Lessor CAB WEST LLC ("CAB WEST"). I am one of the custodians of the books, records and files of CAB WEST as to those books, records, and files that pertain to loans and extensions of credit given to the Debtor concerning the Vehicle herein. I have personally worked on the books, records and files of CAB WEST, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of CAB WEST on behalf of CAB WEST, which were made at or about the time of the events recorded, and which are maintained by CAB WEST in the ordinary course of CAB WEST's business. Any such document was prepared in the ordinary course of business of CAB WEST by a person who had personal knowledge of the event being recorded and had or has a business duty to accurately record such events. I am personally responsible for handling of all collection activity in connection with the account of Debtor and I have reviewed all of CAB WEST's books and records in connection with this matter. I have personal knowledge of the facts contained herein and if called upon to testify, I could and would competently testify thereto.

2. On NOVEMBER 18, 2007, Debtor entered into a Motor Vehicle Lease Agreement ("Contract") for the lease of a 2008 FORD EXPEDITION, Vehicle Identification Number 1FMFU19528LA15334 (the "Vehicle"). The Lease was subsequently assigned to CAB WEST in the normal course of CAB WEST's business. True and correct copies of the Lease and the duly recorded Certificate of Title evidencing CAB WEST's ownership interest in the Vehicle are made a part of CAB WEST's Proof of Claim on file herein and attached as Exhibit "B".

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this Declaration was executed June 28, 2010, at Dearborn, MI.

*/s/ Barbara Codd*
BARBARA CODD

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

| | |
|---|---|
| Name | L. Bishop Austin |
| Address | L. BISHOP AUSTIN & ASSOCIATES |
| | 3250 WILSHIRE BLVD., STE 1500 |
| | LOS ANGELES, CA 90010 |
| Telephone | (213) 388-4939   (FAX) (213)388-2411 |

2:10-bk-28206

■ Attorney for Debtor
State Bar No. 175497

☐ Debtor(s) in Pro Se    (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br>Jorge Arcila | Chapter 13 Case No.<br><br>**CHAPTER 13 PLAN**<br><br>**CREDITORS MEETING:**<br>Date:<br>Time:<br>Place:<br>**CONFIRMATION HEARING:**<br>Date:<br>Time:<br>Place: |
|---|---|

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.
*Revised December 2009*
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

F3015-1.1
Best Case Bankruptcy

EXHIBIT A
PAGE 1 OF 8

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I. **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

   The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

   A. Payments by Debtor of $460.00 per month for 60 months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

   B. The base plan amount is $ 27,600.00 which is estimated to pay 0 % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

   C. Amounts necessary for the payment of post-petition claims allowed under 11 U.S.C. § 1305.

   D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

   Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

   E. Other property: (specify property or indicate none)
      None

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

F3015-1.1
Best Case Bankruptcy

EXHIBIT 1
PAGE 2 OF 8

Case 2:10-bk-28206-VZ    Doc 23    Filed 05/07/10    Entered 05/07/10 15:10:44    Desc
                         Main Document    Page 3 of 8

Case 2:10-bk-28206-VZ    Doc 23    Filed 06/28/10    Entered 06/28/10 15:48:52    Desc
                         Main Document    Page 7 of 17

Chapter 13 Plan  (Rev. 12/09) - Page 3                                    2009 USBC, Central District of California

2:10-bk-28206

## II. ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:

Except as otherwise provided in the plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

1. If there are Domestic Support Obligations, the order of priority shall be:

   (a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

   (b) Administrative expenses (Class 1(a)) in an amount not exceeding _____% of each Plan Payment until paid in full;

2. If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding _100_% of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

F3015-1.1
Best Case Bankruptcy

EXHIBIT A
PAGE 3 OF 8

2:10-bk-28206

B.  CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 |||||||
|---|---|---|---|---|---|---|
| ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507 |||||||
| The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4). |||||||
| CATEGORY || AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| a. Administrative Expenses ||||||||
| (1) | Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. ||||||
| (2) | Attorney's Fees | $2,000.00 | | $333.33 | 6 | $1,999.98 |
| (3) | Chapter 7 Trustee's Fees | | | | | |
| (4) | Other | | | | | |
| b. Other Priority Claims ||||||||
| (1) | Internal Revenue Service | | | | | |
| (2) | Franchise Tax Board | | | | | |
| (3) | Domestic Support Obligation | | | | | |
| (4) | Other | | | | | |
| c. Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name): ||||||||
| | | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.
Revised December 2009
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

F3015-1.1
Best Case Bankruptcy

EXHIBIT
PAGE ___ OF ___

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE

1. ☐ The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ■ The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

BAC HOME LOANS SERVICING, LP                                        xxxxx5641
(name of creditor)                                   (last 4 digits of account number)

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| BAC HOME LOANS SERVICING, LP | xxxxx5641 | $22,833.72 | 0 | $380.56 | 60 | $22,833.72 |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

F3015-1.1
Best Case Bankruptcy

EXHIBIT A
PAGE 5 OF 8

| CLASS 4 |
|---|
| **OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE** |

1. ☐   The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐   The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____                                    _____
(name of creditor)                                                              (last 4 digits of account number)

_____                                    _____
(name of creditor)                                                              (last 4 digits of account number)

The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.

| Name of Creditor | Last Four Digits of Account Number | Cure of Default ||||  |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

| CLASS 5 |
|---|
| **NON-PRIORITY UNSECURED CLAIMS** |

Debtor estimates that non-priority unsecured claims total the sum of  $232,374.00 .
Class 5 claims will be paid as follows:

(Check one box only.)

■   Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.
OR
☐   Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III.  COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ 2,350.00  which is estimated to pay  0.7 % of the scheduled nonpriority unsecured debt.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                                                                      **F3015-1.1**
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                        Best Case Bankruptcy

EXHIBIT
PAGE 6 OF 8

## IV. PLAN ANALYSIS

2:10-bk-28206

| | |
|---|---:|
| CLASS 1a | $1,999.98 |
| CLASS 1b | $0.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $22,833.72 |
| CLASS 3 | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5 | $30.90 |
| SUB-TOTAL | $24,864.60 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $2,735.40 |
| TOTAL PAYMENT | $27,600.00 |

## V. OTHER PROVISIONS

A. The Debtor rejects the following executory contracts and unexpired leases.
   **Name of Other Party:**                **Description of contract/lease:**
   -NONE-

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
   **Name of Other Party:**                **Description of contract/lease:**
   Lessor: Santo Rimicci and Joe Leone      Commercial lease where debtor DBA Auto Upholstery by AJ, is the LESSEE. Lease to be assumed.

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
   **Creditor Name:**                **Monthly Payment:**
   Ford Credit                       $175.00
   Ford Credit                       $751.14

D. The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)
   **Creditor Name:**                **Description:**
   -NONE-

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions: (Use Attachment, if necessary)
   BAC Home Loans Servicing, LP: Debtor(s) intend to avoid lien.

G. The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H. The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

F3015-1.1
Best Case Bankruptcy

EXHIBIT  A
PAGE  7  OF  8

Case 2:10-bk-28206-VZ    Doc 23    Filed 05/07/10    Entered 05/07/10 15:50:44    Desc
                         Main Document    Page 12 of 17

Case 2:10-bk-28206-VZ    Doc 23    Filed 06/29/10    Entered 06/29/10 14:48:52    Desc
Chapter 13 Plan (Rev. 12/09) - Page 8                                              2009 USBC, Central District of California

2:10-bk-28206

I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated: May 7, 2010

/s/ L. Bishop Austin
L. Bishop Austin
175497
Attorney for Debtor(s)

/s/ Jorge Arcila
Jorge Arcila
Debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                              F3015-1.1
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com     Best Case Bankruptcy

EXHIBIT
PAGE 8 OF 8

FORM B10 (Official Form 10) (12/08)     NBSC 4/05/10

| UNITED STATES BANKRUPTCY COURT - CENTRAL District of CALIFORNIA (LOS ANGELES) | PROOF OF CLAIM |
|---|---|
| Name of Debtor: Jorge Arcila | Case Number: 10-28206 Ch13 |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request of payment of an administrative expense may be filed pursuant to 11 U.S.C.§ 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Ford Motor Credit Company, LLC

Name and address where **notices** should be sent:
Ford Motor Credit Company, LLC
P.O. Box 6275
Dearborn, MI 48121

Telephone Number: 1-800-955-8532

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim #:
*(If known)*

Filed on:

Name and address where **payment** should be sent (if different from above):
Ford Motor Credit Company, LLC
Dept 55953
P.O. Box 55000
Detroit, MI 48255-0953

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**     $5,182.52

   Total remaining lease payments:    Contractual payment amount: $751.14
   Lease Termination Date: 11/18/10

   **Creditor Remarks:**     Arrears: $675.68

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**     True Lease

This is a true lease agreement; an executory contract / title indicates Lessor as the legal and registered owner of the collateral. Monthly payments in the amount of $751.14

**3. Last four digits of any number by which creditor identifies debtor:**     1530
   3a. Debtor may have scheduled account as: _____

**4. Secured Claim**

Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:    ☐ Real Property    ☑ Motor Vehicle    ☐ Other _____
Describe: VIN #: 1FMFU19528LA15334

Value of Property:     Annual Interest Rate:

Amount of arrearage and other charges as of time case filed included in secured claim, if any: Basis for perfection: *see attached

Amount of Secured Claim:     Amount Unsecured: $

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filings of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(__).

Amount entitled to priority:
$_____

* Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date: June 2, 2010 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any:<br><br>/s/ < S. Aruna > | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



EXHIBIT B
PAGE 1 OF 3

**NOTICE OF TRANSFER AND RELEASE OF LIABILITY**

MAIL THIS FORM TO DMV

*PROPERLY HEREAS — DUPLIABILITY PLEASE READ AND FOLLOW INSTRUCTIONS ON REVERSE SIDE*
SECTIONS A-J MUST BE COMPLETED — PLEASE PRINT IN CAPITAL LETTERS – USE BLACK OR BLUE INK

DMV DIRECT GRAPHICS USE ONLY

A. NEW OWNER'S LAST NAME (OR) COMPANY NAME — FIRST
B. NEW OWNER'S ADDRESS — APT NUMBER
C. ODOMETER READING (NO TENTHS)
D. CITY — STATE — ZIP CODE
E. DATE OF SALE OR LEASE RETURN — MO DAY YR
F. SELLER'S OR LESSEE'S LAST NAME (OR) COMPANY NAME — FIRST
G. SELLING PRICE (NO CENTS) WHOLE DOLLARS
H. SELLER'S OR LESSEE'S ADDRESS — APT NUMBER
I. SELLER'S OR LESSEE'S SIGNATURE  X
J. CITY — STATE — ZIP CODE

VEHICLE ID NUMBER: 1FMFU19528LA15334
YR. MODEL MAKE: 2008 FORD
PLATE NUMBER: 6BXT982

REG 138A (REV. 10/2004)

---

**STATE OF CALIFORNIA CERTIFICATE**

19607121348

AUTOMOBILE

VEHICLE ID NUMBER: 1FMFU19528LA15334
YR MODEL: 2008  MAKE: FORD  PLATE NUMBER: 6BXT982
BODY TYPE MODEL: UT   AX: —  UNLADEN WEIGHT: —  FUEL: G  TRANSFER DATE: —  FEES PAID: $362  REGISTRATION EXPIRATION DATE: 11/20/2008
YR 1ST SOLD: 2007  MN CLASS: NZ  YR: —  MO: —  EQUIPMT/TRUST NUMBER: —  ISSUE DATE: 12/23/07
MOTORCYCLE ENGINE NUMBER: —
ODOMETER DATE: 11/18/2007   ODOMETER READING: 18 MI
ACTUAL MILEAGE

REGISTERED OWNER(S):
CAB WEST LLC LSR
ARCILA JORGE
OR ARCILA LILIANA LSE
19623 ELLIS HENRY CT
NEWHALL CA 91321

I certify under penalty of perjury under the laws of the State of California, that THE SIGNATURE(S) BELOW RELEASES INTEREST IN THE VEHICLE.

1a _____ DATE  X _____ SIGNATURE OF REGISTERED OWNER
1b _____ DATE  X _____ SIGNATURE OF REGISTERED OWNER

Federal and State law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

The odometer now reads ▧▧▧▧▧▧▧▧ (no tenths) miles and to the best of my knowledge reflects the actual mileage unless one of the following statements is checked.

WARNING ☑ Odometer reading is not the actual mileage.  ☐ Mileage exceeds the odometer mechanical limits.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE _____ TRANSFEROR/SELLER SIGNATURE(S) X
DATE _____ TRANSFEREE/BUYER SIGNATURE(S) X
PRINTED NAME OF AGENT SIGNING FOR A COMPANY   PRINTED NAME OF AGENT SIGNING FOR A COMPANY

**IMPORTANT READ CAREFULLY**
Any change of Lienholder (holder of security interest) must be reported to the Department of Motor Vehicles within 10 days.

LIENHOLDER(S):
HTD LEASING LLC
PO BX 105704
ATLANTA
GA 30348

2 X _____
Signature releases interest in vehicle. (Company names must be countersigned)
Release Date _____

CA 108142947
016977
REG. 17.30RS (REV. 10/03)

KEEP IN A SAFE PLACE - VOID IF ALTERED

EXHIBIT B
PAGE 2 OF 3

# Motor Vehicle Lease Agreement

| Cust. ID | Deal# | Stock# |
|---|---|---|
| 27-7050 | 444... | 1867 |

California 2007

**Ford Credit**
www.fordcredit.com

Lessee: Jorge Arcila
Co-Lessee: Liliana Arcila

Lessor's Name and Address:
Galpin Motors
15505 Roscoe Blvd.
North Hills, CA 91343

2007 NOV ...

"Finance Company" is **Ford Credit Company**. The "Holder" is **Cab West LLC** and its assigns. By signing "You" (Lessee and Co-Lessee) agree to lease this Vehicle according to the terms on the front and back of this lease and the terms of the WearCare Addendum if it is attached to this lease.

| New/Used/Demo | Mileage at Delivery | Year/Make/Model | Vehicle ID # | Vehicle Use |
|---|---|---|---|---|
| New | 18 | 2008 Ford Expedition | 1FMFU19528LA15334 | Personal |

| 1. Amount Due At Lease Signing or Delivery (Itemized Below) | 2. Monthly Payments | 3. Other Charges (not part of Your monthly payment) | 4. Total of Payments (The amount You will have paid by the end of the lease) |
|---|---|---|---|
| $ 4,080.00 | Your first monthly payment of $ 741.25 is due on 11/18/2007, followed by 35 payments of $ 741.25 due on the 23 day of each month. The total of Your monthly payments is $ 26,685.00 | Disposition Fee (if You do not purchase the Vehicle) 0.00 NA NA Total $ 0.00 | $ 30,023.75 |

**Itemization of Amount Due at Lease Signing or Delivery**

5. Amounts Due At Lease Signing or Delivery:
- a. Capitalized cost reduction .......... $ 2,696.80
- b. First monthly payment .......... 741.25
- c. Refundable security deposit .......... 0.00
- d. Title fees .......... 0.00
- e. Registration fees .......... 362.00
- f. California tire fee .......... 8.75
- g. Acquisition Fee .......... 0.00
- h. Upfront taxes .......... 226.20
- i. Optional DMV Electronic Filing Fee .......... NA
- j. Doc. Fee (not a governmental fee) .......... 45.00
- k. County Fee/City Fee .......... 0.00
- Total $ 4,080.00

6. How the Amount Due At Lease Signing or Delivery will be paid:
- a. Net trade-in allowance .......... 0.00
- b. Rebates and noncash credits .......... 1,500.00
- c. Amount to be paid in cash .......... 2,500.00
- d. NA
- Total $ 4,080.00

7. Your monthly payment is determined as shown below:
- a. Gross capitalized cost. The agreed upon value of the Vehicle ($ 45,935.27) and any items You pay over the lease term (such as service contracts, insurance, and any outstanding prior credit or lease balance) (Itemized below) ... $ 48,064.72
- b. Capitalized cost reduction. The amount of any net trade-in allowance, rebate, noncash credit, or cash that You pay that reduces the gross capitalized cost ... − 2,696.80
- c. Adjusted capitalized cost. The amount used in calculating Your base monthly payment ... = 45,367.92
- d. Residual value. The value of the Vehicle at the end of the lease used in calculating Your base monthly payment ... − 23,461.20
- e. Depreciation and any amortized amounts. The amount charged for the Vehicle's decline in value through normal use and for other items paid over the lease term ... 21,906.72
- f. Rent charge. The amount charged in addition to the depreciation and any amortized amounts ... + 2,819.88
- g. Total of base monthly payments. The depreciation and any amortized amounts plus the rent charge ... = 24,726.60
- h. Lease payments. The number of payments in Your lease ... ÷ 36
- i. Base monthly payment ... 686.85
- j. Monthly sales / use tax ... + 54.40
- k. Total monthly payment ... 741.25
- l. Lease term in months ... 36

8. Early Termination. You may have to pay a substantial charge if You end this lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the lease is terminated. The earlier You end the lease, the greater this charge is likely to be.

9. Excess Wear and Use. You may be charged for excessive wear based on our standards for normal use. At the scheduled end of this lease, unless You purchase the Vehicle, You must pay to Lessor $0.20 per mile for each mile in excess of 36018 miles shown on the odometer. See items 21 and 25 on back and the WearCare Addendum if it is attached to this lease for additional excess wear and use terms.

10. Extra Mileage Option Credit. At the scheduled end of this lease, You will receive a credit of $0. NA per unused mile for the number of unused miles between NA and NA m'es, less any amounts You owe under this lease. You will not receive any credit if the Vehicle is destroyed. If You terminate Your lease early, exercise any purchase option, are in default or the credit is less than $1.00.

11. Purchase Option at End of Lease Term $ 23,961.20 plus official fees and taxes is Your lease end purchase option price. You have the option to purchase the Vehicle from a party designated by Holder for the purchase option price plus a purchase option fee of $ NA at the end of this lease term if You are not in default.

Other Important Terms. See Your lease documents for additional information on early termination, purchase option and maintenance responsibilities, warranties, late and default charges, insurance, and any security interests, if applicable.

**11. Itemization of Gross Capitalized Cost**

| Agreed Upon Value of the Vehicle As Equipped at the Time of Signing the Lease | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease |
|---|---|---|---|
| $ 45,935.27 | + $ 0.00 | + $ 0.00 | + $ 0.00 |
| Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease | Agreed Upon Value of N/A Lessor Agrees to Add to the Vehicle After Signing the Lease |
| + $ 0.00 | + $ 0.00 | + $ 0.00 | + $ 0.00 |
| Sales/Use Tax & Other Applicable Taxes | Title Fees | License & Registration Fees | Lessor Services | Acquisition Fee |
| + $ 0.00 | 0.00 | + $ 0.00 | + $ NA | 595.00 |
| Documentation Fee | Outstanding Prior Credit or Lease Balance | WearCare | Agreed Upon Value of Fees | Agreed Upon Value of NA |
| + $ 0.00 | 584.45 | + $ NA | 0.00 | + $ NA |
| Optional DMV Electronic Filing Fee | | Maintenance | Service Contract | Total Gross Capitalized Cost |
| + $ NA | NA | 950.00 | NA | = $ 48,064.72 |

12. WARRANTY The Vehicle is covered by any warranty, extended warranty or service contract indicated below:
[X] Standard new Vehicle warranty provided by the manufacturer or distributor of the Vehicle.
[X] Maintenance Care
NA

If the Vehicle is of a type normally used for personal use and the Lessor, or the Vehicle's manufacturer, extends a written warranty or service contract covering the Vehicle within 90 days from the date of this lease, You get implied warranties of merchantability and fitness for a particular purpose covering the Vehicle. Otherwise, You understand and agree that there are no such implied warranties, except as otherwise required by state law.

13. OFFICIAL FEES AND TAXES $ 3,284.39
The estimated total amount You will pay for official and license fees, registration, title and taxes over the term of Your lease, whether included with Your monthly payments or assessed otherwise. The actual total of fees and taxes may be higher or lower depending on the tax rates in effect or the value of the leased property at the time a fee or tax is assessed.

14. This lease contract was negotiated primarily in the language initialled by the Lessee:
___ Spanish ___ Chinese ___ Tagalog
___ Korean ___ Vietnamese ___ Other

15. LESSOR SERVICES _____
(See Item 20 on back)

16. LATE PAYMENTS You will pay a late charge on each payment that is not received within 10 days after it is due. The charge is 7.5% of the full amount of the scheduled payment or $50.00 whichever is less.

17. VEHICLE INSURANCE MINIMUMS. You must insure the Vehicle during this lease. This insurance must be acceptable to Finance Company and protect You and Holder with (a) comprehensive fire and theft insurance with a maximum deductible amount of $1,000; and (b) collision and upset insurance with a maximum deductible of $1,000; and (c) automobile liability insurance with minimum limits for bodily injury or death of $ 15,000.00 for any one person and $ 30,000.00 for any one accident, and $ 5,000.00 for property damage.

18. Description of Vehicle or Other Property Trade-In: 2003 Ford Expedition
Year/Make/Model or Other Property Description
Agreed Upon Gross Value: 15,300.00
See Item 6, above, for net trade-in allowance
Amount of Payoff on Trade-In Vehicle $ 15,884.45
I promise that the Trade-In payoff amount I provided to you is accurate. If the Trade-In payoff amount is more than the amount I provided to you as shown above, I must pay the difference to You upon demand.

By: X _____ (Lessee)   By: X _____ (Co-Lessee)

**SIGNATURES AND IMPORTANT NOTICES**

You specifically waive the right to keep any residence address confidential as granted by Section 1808.21 of the California Vehicle Code.

**THERE IS NO COOLING OFF PERIOD**
California law does not provide for a "cooling off" or other cancellation period for Vehicle leases. Therefore, You cannot later cancel this lease simply because You change Your mind, decided this Vehicle costs too much, or wish You had acquired a different Vehicle. You may cancel this lease only with the agreement of the Lessor or for legal cause, such as fraud.

You have the right to return the Vehicle, and receive a refund of any payments made if the credit application is not approved, unless nonapproval results from an incorrect application or from incorrect information provided by You.

Modifications. This lease sets forth all of the agreements of Lessor and You for the lease of the Vehicle. There is no other agreement. Any change in this lease must be in writing and signed by You and Finance Company.

Lessee: _____ By: X _____ Title: _____
Co-Lessee: _____ By: X _____ Title: _____

**YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBITRATION PROVISION ON THE REVERSE SIDE OF THIS CONTRACT.**

(1) Do not sign this lease before You read it or if it contains any blank spaces to be filled in; (2) You are entitled to a completely filled in copy of this lease; (3) Warning - Unless a charge is included in this lease for public liability or property damage insurance, payment for that coverage is not provided by this lease.

NOTICE: You state that You have been given notice of an assignment of this lease by the Lessor to Holder and a filled-in copy of the lease at the time You sign it.

Lessee: _____ By: X _____ Title: _____
Co-Lessee: _____ By: X _____ Title: _____

Lessor and Lessee are hereby notified that Holder has assigned to QI Exchange, in its capacity as Holder's qualified intermediary, its rights (but not its obligations) with respect to the purchase of this Vehicle and the sale of this Vehicle upon lease termination.

Except as indicated here: Galpin Motors Inc. _____ By: X _____ Title: Finance Officer

Dec 05
*This may NOT be used.
**ORIGINAL**
PLY 1 - ORIGINAL   PLY 2 - LESSEE   PLY 3 - CO-LESSEE/GUARANTOR COPY   PLY 4 - LESSOR

EXHIBIT B
PAGE 3 OF 3

**VEHICLE MAINTENANCE AND INSURANCE AND USE**

19. **USE AND SUBLEASING** You will not use, or permit others to use the Vehicle (a) in any way other than for personal purposes, or (b) outside the United States, except for less than 30 days in Canada or Mexico or (c) as a private or public carrier. You will keep this Lease and Vehicle free of all liens and encumbrances. You will not assign or sublease any interest in the Vehicle or lease without Finance Company's written consent.

20. **VEHICLE MAINTENANCE AND OPERATING COSTS** Proper Vehicle maintenance is Your responsibility. You must maintain and service the Vehicle at Your own expense, using materials that meet the manufacturer's specifications. This includes, following the owner's manual and maintenance schedule, documenting maintenance performed, and making all needed repairs. You are also responsible for all operating costs such as gas and oil. Lessor will provide the service(s), if any, identified in the Lessor Services section under the terms of a separate agreement. The manufacturer will invalidate warranty coverage on parts affected by a failure to maintain the Vehicle as required by the manufacturer. (See Lessor Services, Item 15, on the front of this lease)

21. **DAMAGE REPAIR** You are responsible for repairs of All Damage which are not a result of normal wear and use. These repairs include, but are not limited to, those necessary to return the Vehicle to its pre-accident condition, including repairs to Exterior Sheet Metal, Plastic Components, and to Vehicle Safety Systems, including air bag, seat belt and bumper system components. Replacement of Sheet Metal must be made with Original Equipment Manufacturer Sheet Metal. All other repairs must be made with Original Equipment Manufacturer parts. Discuss this requirement with Your insurance company prior to signing a collision repair estimate or before authorizing any collision repair work.

If You have not had the repairs made before the Vehicle is returned at the scheduled end of this lease, You will pay the estimated costs of such repairs, even if the repairs are not made prior to Holder's sale of the Vehicle.

22. **VEHICLE INSURANCE** If the state in which You reside establishes damages or minimum automobile liability insurance limits greater than those listed in the front of this lease in Section 17, "Vehicle Insurance Minimums," for bodily injury or death and property damage insurance, You must insure the Vehicle and the Holder at the higher minimum limits established by the state. These amounts may not be sufficient to cover all Your liabilities. You may wish to consult Your insurance advisor about obtaining additional coverage. You will list the loss payees and additional insured as requested by Lessor. You must give Finance Company evidence of this insurance.

You authorize Finance Company, on Your behalf, to receive and endorse checks or drafts, and settle or release any claim under the insurance related to Holder's ownership of the Vehicle. You also assign to Holder any other insurance proceeds related to this lease or Holder's interest in the Vehicle.

If You or Finance Company obtain a refund for amounts paid to third parties for insurance, service contracts, or any other amount paid to a third party included in the Gross Capitalized Cost of this lease, You must pay to the Holder the entire amount of the refund and You authorize the Holder to subtract the refund from the amount You owe under this lease.

**LESSOR IS NOT PROVIDING VEHICLE INSURANCE OR LIABILITY INSURANCE**

If you title/register the Vehicle in, or change the garage location of the Vehicle to a state where Finance Company has established minimum automobile liability insurance limits greater than those listed on the front of this lease for bodily injury or death and property damage insurance, You must insure the Vehicle and the Holder at the higher minimum limits established by Finance Company.

---

**ENDING YOUR LEASE**

23. **TERMINATION** This lease will terminate (end) upon (a) the end of the term of this lease, (b) the return of the Vehicle to Lessor or another place designated by Finance Company, and (c) the payment by You of all amounts owed under this lease. Finance Company may cancel this lease if You default.

24. **RETURN OF VEHICLE** If You do not buy the Vehicle at lease end, You must return it to Lessor unless Finance Company designates another place. Upon return of the Vehicle, You must pay the Disposition Fee shown on the front of the lease in Section 3, "Other Charges." If, upon termination of the lease, You enter into a lease agreement or retail installment contract for a new vehicle which is assigned to or administered by Finance Company, You will not be required to pay the Disposition Fee. If You fail to return the Vehicle, You must continue to pay the monthly payments plus other damages to Finance Company, including amounts payable under default. Payment of those amounts will not allow You to keep the Vehicle.

25. **STANDARDS FOR EXCESS WEAR AND USE** You are responsible for all repairs to the Vehicle that are not the result of normal wear and use. These repairs include, but are not limited to those necessary to repair or replace: (a) Tires which are unmatched, unsafe or have less than 1/8 inch of remaining tread in any place; (b) Electrical or Mechanical defects or malfunctions; (c) Glass, Paint, Body Panels, Trim and Grill Work that are broken, mismatched, chipped, scratched, pitted, cracked, or if applicable, dented or rusted; (d) Interior rips, stains, burns or worn areas; and (e) All Damage which would be covered by collision or comprehensive insurance whether or not such insurance is actually in force. Replacement of Sheet Metal must be made with Original Equipment Manufacturer Sheet Metal. All other repairs must be made with Original Equipment Manufacturer parts. Your use or repair of the Vehicle must not invalidate any warranty.

If You have not had the repairs made before the Vehicle is returned at the scheduled end of this lease, You will pay the estimated costs of such repairs, even if the repairs are not made prior to Holder's sale of the Vehicle.

26. **ODOMETER STATEMENT** Federal law requires You to complete a statement of the Vehicle's mileage at the end of this lease.

27. **VOLUNTARY EARLY TERMINATION AND RETURN OF THE VEHICLE** You may terminate this lease early by returning the Vehicle to Lessor, unless Finance Company designates another place, and paying the following: (a) the difference, if any, between the Unpaid Adjusted Capitalized Cost and the Vehicle's Fair Market Wholesale Value, plus (b) all other amounts then due under this lease, plus (c) the Disposition Fee listed on the front of this lease in Section 3, "Other Charges." You will never pay more than the sum of the remaining payments, plus any excess wear and use and mileage charges, and all other amounts then due under this lease.

**VOLUNTARY EARLY TERMINATION AND PURCHASE OF THE VEHICLE** You may purchase the Vehicle from Lessor or a party designated by Holder at any time for a purchase price that cannot exceed the following: (a) past due payments at the time of the purchase, plus (b) all other amounts then due under the lease (except excess wear and use and mileage charges), plus (c) any other charges, including the purchase option fee in Section 10, "Purchase Option at End of Lease Term", connected to the early termination and purchase, plus (d) the Unpaid Adjusted Capitalized Cost. You may also be charged for any taxes and other charges incidental to the sale. Payment of the purchase price will satisfy Your liabilities under this lease.

Unpaid Adjusted Capitalized Cost is reduced on each payment due date. It is calculated by reducing the Adjusted Capitalized Cost each month by the difference between the Base Monthly Payment and the part of the Rent Charges earned in that month on an actuarial basis. Rent Charges are earned when due. Lessor or Finance Company will provide You with a written explanation of the actuarial method upon Your request.

Fair Market Wholesale Value, at Your option, will be: (a) an amount agreed to by You and Finance Company, or (b) the value which could be realized at the wholesale sale of the Vehicle, as determined by a professional appraisal obtained by You at Your expense from an independent third party agreeable to Finance Company at least 3 days prior to any scheduled sale date of the Vehicle, or (c) if not established by agreement or appraisal, the net amount received by Finance Company, Holder or its designated intermediary upon the sale of the Vehicle at wholesale.

Please contact Finance Company at the telephone number or website listed on the front of this lease if You have any questions regarding terminating Your lease.

---

**DEFAULT AND LOSS OF VEHICLE**

28. **DEFAULT** You will be in default if (a) You fail to make any payment when due, or (b) a bankruptcy petition is filed by or against You, or (c) any governmental authority seizes the Vehicle and does not promptly and unconditionally release the Vehicle to You, or (d) You have provided false or misleading material information when applying for this lease, or (e) You fail to keep any other agreement in this lease.

If You are in default, and You have not exercised Your rights in Section 27, the "VOLUNTARY EARLY TERMINATION" paragraph, Finance Company may cancel this lease, take back the Vehicle and sell it at a public or private sale. You also give Finance Company the right to go on Your property to peacefully retake the Vehicle. Even if Finance Company retakes the Vehicle, You must still pay at once: (a) the difference, if any, between the Unpaid Adjusted Capitalized Cost and the Fair Market Wholesale Value, plus (b) all other amounts then due under this lease. You must also pay all expenses, including reasonable attorney's fees, payable to Finance Company to obtain and hold the Vehicle, collect amounts due and enforce Holder's rights under this lease. You authorize Finance Company to cancel Your insurance and apply any proceeds to Your obligation.

29. **LOSS OR DESTRUCTION OF VEHICLE** If the Vehicle is stolen or destroyed, You will pay to Finance Company: (a) the Unpaid Adjusted Capitalized Cost, plus (b) all other amounts then due under this lease, minus (c) any insurance proceeds received by Finance Company. Gap Waiver: If You had in effect the insurance required under this lease and Finance Company receives the full proceeds, You will pay to Finance Company: (a) any past due monthly lease payments, plus (b) the amount of the applicable insurance deductible, plus (c) all other amounts then due under this lease. Even if the Vehicle is insured, until Finance Company receives the appropriate amount above, You are responsible for the scheduled monthly payments.

---

**ADDITIONAL INFORMATION**

30. **ASSIGNMENT AND ADMINISTRATION** When You and Lessor sign this lease, Lessor will assign it to Holder. Finance Company or a substitute will administer this lease. You must then pay all amounts due under this lease to Finance Company. All payments must be made in U.S. funds.

If Finance Company is not the Holder of this lease, Holder has appointed Finance Company as its agent. As agent for Holder, Finance Company has the power to act on Holder's behalf to administer, enforce, and defend this lease. If Lessor has agreed to repair or maintain the Vehicle, obtain any insurance or perform any other service, You will look only to the Lessor for these services.

31. **TAXES** You will promptly pay all fees, charges, and taxes relating to the lease or Vehicle (except for Lessor's or Holder's income taxes). You will pay these amounts even if they are assessed after lease end.

32. **TITLING** The Vehicle will be titled in the name of Holder. You will register the Vehicle as directed by Finance Company. You will pay all license, title and registration costs.

33. **INDEMNITY** You will indemnify and hold harmless Lessor, Finance Company and Holder and their assigns from any loss or damage to the Vehicle and its contents and from all claims, losses, injuries, expenses and costs related to the use, maintenance, or condition of the Vehicle. You will promptly pay all fines and tickets imposed on the Vehicle or its driver. If You do not pay, You will reimburse Finance Company and pay a $20 administration fee, unless prohibited by law, for every such fine, ticket, or penalty that must be paid on Your behalf.

34. **SECURITY DEPOSIT** Your security deposit may be used by Finance Company to pay all amounts that You fail to pay under this lease. You will not receive any interest, profits or other earnings on Your security deposit(s).

35. **CONSUMER REPORTS** You authorize Finance Company and Holder to obtain consumer credit reports from consumer reporting agencies (credit bureaus) for any reason and at any time in connection with this lease.

36. **GENERAL** Except as otherwise provided by the law of the state where You reside, the law that will apply to this lease is the law of the state where the Lessor's place of business is, as set forth on the front of the lease. If that law does not allow any of the agreements in this lease, the ones that are not allowed will be void. The rest of this lease will still be good.

---

**ARBITRATION PROVISION**

Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. Either You or Lessor/Finance Company/Holder ("us" or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Such Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this clause, or arbitrability of any issue; 3) Claims between You and us, our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.

**RIGHTS YOU AND WE AGREE TO GIVE UP**
If either You or we choose to arbitrate a Claim, then You and we agree to waive the following rights:

- RIGHT TO A TRIAL, WHETHER BY A JUDGE OR JURY
- RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION
- BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT
- RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR
- OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT

**Rights You And We Do Not Give Up:** If a Claim is arbitrated, You and we will continue to have the following rights, without waiving this arbitration provision as to any Claim: 1) Right to file bankruptcy in court; 2) Right to enforce the ownership interest in the vehicle, whether by repossession or through a court of law; 3) Right to take legal action to enforce the arbitrator's decision; and 4) Right to request that a court of law review whether the arbitrator exceeded its authority.

Either Party must contact any association below and the other Party to start arbitration. The applicable rules (the "Rules") may be obtained from the association.
- American Arbitration Association ("AAA"), at 1-800-778-7879, or www.adr.org;
- National Arbitration Forum, at 1-800-474-2371, or www.arb-forum.com.

If there is a conflict between the Rules and this contract, this contract shall govern. This contract is subject to the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and the Federal Rules of Evidence. The arbitration decision shall be in writing with a supporting opinion. We will pay your total reasonable arbitration fees and expenses (not including attorney fees), above whatever applicable law otherwise provides) in excess of $125. We will pay the whole filing fee if we demand arbitration first. Any portion of this arbitration clause, other than waivers of class action rights, that is unenforceable shall be severed, and the remaining provisions shall be enforced. If a waiver of class action rights is deemed unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration clause shall be unenforceable.

FC 18002-P Dec 05
Previous editions may NOT be used.    **NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION**
CA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**535 ANTON BLVD., 10TH FLOOR, COSTA MESA, CA 92626**

The foregoing document described as **OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN; DECLARATION OF BARBARA CODD IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 24, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Leroy Bishop Austin, Attorney for Debtor; lbishopbk@yahoo.com
Nancy K. Curry; Trustee; ecfnc@trustee13.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On June 28 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**DEBTOR(S):**
JORGE ARCILA
19623 Ellis Henry Court
Santa Clarita, CA 91321

**U.S. BANKRUPTCY JUDGE**
U.S. BANKRUPTCY COURT
HONORABLE VINCENT P. ZURZOLO
Roybal Federal Building
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012-3332

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____
____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

June 28, 2010     SUSAN A. KONTOFF     /s/ Susan A. Kontoff
Date              Type Name             Signature

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977